UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS AT HOUSTON

| | |
|---|---|
| ISOLDE HAMMONS,<br><br>    Plaintiff, v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION OF THE UNITED STATES; JANET WALKER, DALLAS REGIONAL COMMISSIONER SOCIAL SECURITY ADMINSITRATION<br><br>    Defendants. | NO._____<br><br>PLAINTIFF'S COMPLAINT FOR DECLARATORY AND MANDAMUS RELIEF |

PLAINTIFF'S ACTION FOR MANDAMUS AND DECLARATORY RELIEF

INTRODUCTION

1. Plaintiff Isolde Hammons, a minor, brings this mandamus and Administrative Procedure Act action to compel defendants to complete the adjudication of her application for Social Security Survivor Benefits, filed after the passing of her father in October of 2020, which has been pending since November 2, 2020. This delay is unreasonable as a matter of law.

2. Plaintiff Isolde Hammons is a 12-year-old minor child residing in Houston, Texas who submitted her application for social security survivor benefits on or about November 2, 2020. Her interview took place on or about February 1, 2021. All requested documents were submitted to the Social Security Administration (SSA) via mail and fax by the end of February 2021.

3. Plaintiff Hammons has submitted dozens of inquires though the SSA customer service line and local office (Southwest Houston Field Office) and each time has been informed that all needed information and documents have been received and the reason for the delay is unknown.

4. Plaintiff has been unfairly prejudiced by the undue delay in the processing of her benefits application. She has gone over a year since the death of her father without the benefits to which she is entitled and has been provided no information as to when the application might be adjudicated.

5. The Social Security Administration (SSA) has acted in bad faith in refusing to adjudicate the benefits application in a timely manner. Plaintiff files this lawsuit to ensure that her application is promptly adjudicated.

## PARTIES

6. Plaintiff Isolde Hammons is a 12-year-old U.S. citizen child whose father, Joshua Hammons, passed away October 30, 2020. Her Application for Social Security Survivor Benefits, filed on November 2, 2020, has been pending with the Social Security Administration (SSA) for over 365 days. Isolde Hammons currently resides in Houston, Texas. She brings this suit through her mother and guardian, Amber Gracia.

7. Defendant Kilolo Kijakazi is the Acting Commissioner of the Social Security Administration of the United States and is sued in her official capacity only. Defendant Kijakazi is charged with the administration of the Social Security Administration.

8. Defendant Janet Walker is Dallas Regional Commissioner of the Social Security Administration and is sued in her official capacity only. The Dallas Regional Office is the region charged with adjudicating applications for social security benefits in the state of Texas.

## JURISDICTION AND VENUE

9. Jurisdiction of the Court is predicated upon 28 U.S.C. §§1331 and 1346(a)(2) in that the matter in controversy arises under the Constitution and laws of the United States, and the United States is a Defendant. This Court also has jurisdiction over the present action pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act; and 28 U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his or her duty.

10. Venue is proper in this District under 28 U.S.C. § 1391(e), because a substantial part of the events and omissions giving rise to the claim occurred in this district, and because Defendants operate within this district.

## FACTS AND BACKGROUND

11. Plaintiff Isolde Hammons is a minor child whose father passed away in October of 2020. Her application for social security survivor benefits has been pending for over 410 days. Plaintiff Isolde Hammons, through her guardian, has submitted dozens of inquires to the local office and national hotline, with no resolution of the

3

admittedly prolonged adjudication of her application.

12. The SSA has provided no explanation to Plaintiff as to the reason for the delay in the adjudication of her application.

13. Plaintiff Isolde Hammons has requested the assistance of her local representative, Al Green, whose office has also reached out in vain to the SSA on her behalf.

14. To date, the SSA has failed to take any additional steps to complete the adjudication of Plaintiff's application.

15. Plaintiff has provided all required information and documentation to the SSA.

16. Defendants' refusal to timely adjudicate Plaintiff's application has caused and will continue to cause Plaintiff great hardship. Plaintiff has been dealing with the loss of a parent amid the stress of a global pandemic and has been waiting for benefits for over 14 months.

17. If the survivor benefits application had been adjudicated in the ordinary course of SSA business, then the application already would have been approved and benefits would have been and continued to be distributed.

18. Plaintiff has exhausted all administrative remedies and there are no further administrative acts Plaintiff can take to obtain the benefits to which she is entitled.

**FIRST CAUSE OF ACTION: APA**

19. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-18 above.

20. Defendants' failure to adjudicate and approve Plaintiff's benefits application constitutes an unreasonable failure to act in violation of the Administrative

Procedures Act and denies Plaintiff due process and equal protection of the laws guaranteed by the Fifth Amendment of the United States Constitution.

21. In addition, under the APA, this court may hold unlawful and set aside an agency action which is "contrary to constitutional right, power, privilege to immunity." 5 U.S.C. § 706(2)(B).

### SECOND CAUSE OF ACTION: MANDAMUS

22. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-18 above.

23. Defendants' refusal to adjudicate Plaintiff's application for survivor benefits violates the Administrative Procedures Act, and the Constitution. Plaintiff has a clear right to the relief requested; Defendants have a clear duty pursuant to the Social Security Act to adjudicate Plaintiff's benefits application; and there is no other adequate remedy available.

### PRAYER FOR RELIEF

Plaintiff requests the Court to grant the following relief:

i. Order Defendants to adjudicate Plaintiff's benefits application on or before 60 days from the filing of this complaint, or within a reasonable period of time determined by this Court.

ii. Retain jurisdiction during the adjudication of the benefits application to ensure compliance with the Court's orders.

iii. Award reasonable costs and attorneys' fees;

iv. Grant such other relief as the Court may deem just and proper.

5

DATED: January 30, 2022

Respectfully Submitted,

*/s/ Amber Gracia*

Amber M. Gracia
TX SBN:24098056
SDN:2799045
Attorney in Charge
Law Office of Amber Gracia, PLLC
2600 South Loop West, Ste. 420
Houston, Texas 77054
Tel: (832) 853-0896
ambergracialaw@gmail.com
